ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
                              :
UNITED STATES OF AMERICA      :    INDICTMENT
                              :
         - v. -               :    **19 CRIM 808**
                              :
SALIFOU CONDE,                :
SEKHOU TOURE,                 :
ALSENY KEITA,                 :
ABRAHIM DUKURAY,              :
ABOUBAKAR BAKAYOKO, and       :
SYLVAIN GNALI GNAHORE,        :
                              :
              Defendants.     :
                              :
- - - - - - - - - - - - - - - X

COUNT ONE
(Wire Fraud)

The Grand Jury charges:

1.   From at least in or about August 2016 up to and including at least in or about August 2019, in the Southern District of New York and elsewhere, SALIFOU CONDE, SEKHOU TOURE, ALSENY KEITA, ABRAHIM DUKURAY, ABOUBAKAR BAKAYOKO, and SYLVAIN GNALI GNAHORE, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, the defendants fraudulently deposited

checks issued to other individuals into bank accounts they controlled, without being authorized to deposit the checks, and then withdrew funds from those accounts, causing wire communications to be sent.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TWO
(Bank Fraud)

The Grand Jury further charges:

2. From at least in or about August 2016 up to and including at least in or about August 2019, in the Southern District of New York and elsewhere, SALIFOU CONDE, SEKHOU TOURE, ALSENY KEITA, ABRAHIM DUKURAY, ABOUBAKAR BAKAYOKO, and SYLVAIN GNALI GNAHORE, the defendants, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to open accounts, fraudulently deposit checks, and then withdraw funds from those accounts.

(Title 18, United States Code, Sections 1344 and 2.)

COUNT THREE
(Conspiracy to Commit Wire Fraud and Bank Fraud)

The Grand Jury further charges:

3.  From at least in or about August 2016 up to and including at least in or about August 2019, in the Southern District of New York and elsewhere, SALIFOU CONDE, SEKHOU TOURE, ALSENY KEITA, ABRAHIM DUKURAY, ABOUBAKAR BAKAYOKO, and SYLVAIN GNALI GNAHORE, the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344.

4.  It was a part and object of the conspiracy that SALIFOU CONDE, SEKHOU TOURE, ALSENY KEITA, ABRAHIM DUKURAY, ABOUBAKAR BAKAYOKO, and SYLVAIN GNALI GNAHORE, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of

executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

5. It was further a part and object of the conspiracy that SALIFOU CONDE, SEKHOU TOURE, ALSENY KEITA, ABRAHIM DUKURAY, ABOUBAKAR BAKAYOKO, and SYLVAIN GNALI GNAHORE, the defendants, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

FORFEITURE ALLEGATION

6. As a result of committing the offenses alleged in Count One and the wire fraud object in Count Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to

4

a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

7. As a result of committing the offenses alleged in Count Two and the bank fraud object of Count Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A): (1) any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses; and (2) any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

### Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

5

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

> (Title 18, United States Code, Section 981(a)(1)(C);
> Title 18, United States Code, Section 982(b)(1);
> Title 21, United States Code, Section 853(p);
> Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v.

SALIFOU CONDE,
SEKHOU TOURE,
ALSENY KEITA,
ABRAHIM DUKURAY,
ABOUBAKAR BAKAYOKO, and
SYLVAIN GNALI GNAHORE

Defendants.

---

**INDICTMENT**

19 Cr.

(18 U.S.C. §§ 1343, 1344, 1349, and 2.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*
Foreperson

---

11/13/19 SEALED INDICTMENT FILED
W/ ARREST WARRANTS
KN PARKER
USMJ